UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL E. SCHMALTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:24-cv-01114-SRC |
| | ) |
| JAMES CLIFTON HARRIS III, et al. | ) |
| | ) |
| Defendants. | ) |

**Memorandum and Order**

Michael E. Schmaltz moves for leave to proceed *in forma pauperis*. Doc. 2. Upon review, the Court grants the motion and waives the filing fee. But the Court finds that the complaint fails to state a claim upon which relief may be granted and dismisses it pursuant to 28 U.S.C. § 1915(e)(2). To the extent that Schmaltz asserts Missouri state-law claims, the Court declines to exercise supplemental jurisdiction over them. And the Court certifies that an appeal of this dismissal would not be taken in good faith.

**I.    Background**

Schmaltz filed the instant "Complaint for Violation of Civil Rights" on a court form. *See* doc. 1. He identifies Defendants as St. Louis Police Officers James Clifton Harris III, Bernard E. Jordan, and Tonya Q. Ross. *Id.* at 2–3.[1] He identifies Defendants' employment location as "Central Patrol Division 919 North Jefferson." *Id.* Schmaltz seeks to sue Defendants in their official capacities, and he states that he brings this action pursuant to 42 U.S.C. § 1983, 18 U.S.C. § 242, and Missouri state law. *Id.*

---

[1] The Court cites to page numbers as assigned by CM/ECF.

Schmaltz's claims arise from a May 28, 2018 car accident that occurred at the intersection of Washington Street and Broadway in the City of St. Louis. *Id.* at 4. In the "Statement of Claim" section of the form complaint, Schmaltz sets forth the facts underlying his claims. *Id.* In great detail, he alleges that a van struck and injured him while he was crossing the street in his mobility chair. *Id.* at 4–5. When witnesses approached the scene, Schmaltz told them there had been "a pattern of abuse [and] neglect by a group of Saint Louis police officers." *Id.* at 5. He told witnesses that the police would blame him, arrest him, and issue him a citation for intentionally causing the accident. *Id.* Schmaltz identifies the witnesses by name and job title, and he emphasizes that some were United States Marshals. *Id.*

Schmaltz alleges that paramedics loaded him into an ambulance while witnesses stood by. *Id.* He continues:

> Saint Louis police officer did what I predicted. They would do minutes before they arrive. the US Marshals black SUV can be seen in the surveillance footage. Of the accident, as well as a man and a headband in the beginning of the surveillance footage that was packaged and conveyed to Central Patrol property room. This evidence never showed up in court. There are a total of 6 witnesses. The man in the headband came to me months later. And said he had witnessed the accident and if he needed me as a witness. He would be one. He witnessed the whole thing. As a result of the police report. I was denied proper medical attention. My doctors accused me of pain medication seeking. My primary Doctor refused to send me out for emergency surgery. Against the advice of neurosurgeons. Who advised my doctor that I needed emergency surgical procedures? My doctor suggested I go into some type of mental treatment.

*Id.* Schmaltz states that all of his "other doctors followed suit and dropped [him] as a patient for various reasons." He alleges that he "was lying in bed trying to get help for 6 weeks," and he states he still needs "surgery at C4-C5." *Id.* Schmaltz does not mention Harris, Jordan, or Ross in the Statement of Claim section of his Complaint. *See id.* at 4-5.

Where the form complaint provides space for Schmaltz to describe his injuries, he alleges: "I have suffered so much because of those officers actions. It is unconscionable. Since

2

2011.  I have had problems with [S]aint Louis police officers, [S]aint Louis deputies, Saint Louis prosecutors, judges and public defenders." *Id.* at 6.  He does not clearly explain what he means by that.

Where the form complaint asks Schmaltz to state how each defendant acted under color of state law, he answers:

> James Clifton Harris III DSN Badge Number 0513.  interfered with an auto accident by accusing me of causing the accident.  He said he was going to write me tickets then place me under arrest.  He was speaking in a [loud] threatening voice.  He was intimidating me and interfering with ambulance paramedics.  He omitted 6 of my witnesses.  Delphina Poll is lying she was not in the vicinity.

*Id.* at 4.

Attached to the Complaint are copies of a St. Louis Metropolitan Police Department incident report.  *See* doc. 1-1 at 1–6.  Harris prepared the report, and Jordan reviewed it.  *See id.* at 5.  Harris wrote that the driver had reported stopping at the intersection and then proceeding to turn right, without seeing "Pedestrian 1."  *Id.* at 5.  According to the report, Pedestrian 1 said that he had observed the traffic-signal stop sign illuminated and had tried to reverse his motorized wheelchair, before the vehicle struck him.  *Id.*  "Witness 1" said that she had seen Pedestrian 1 enter the crosswalk against the traffic signal.  *Id.*  The report identifies Ross as an "assisting officer."  *Id.* at 6.  Schmaltz also attached copies of affidavits from a City of St. Louis Circuit Court case that Schmaltz filed, and copies of Schmaltz's medical records.  *Id.* at 13–16, 22–26, 38–42.  Those materials do not reference any Defendant.

**II.     Standard**

Federal law requires this Court to review a complaint filed *in forma pauperis*, and dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2).  To state a claim, "a complaint must contain sufficient factual matter,

3

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* standard requires the plaintiff to allege facts that permit the court to infer more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. In reviewing the complaint, the court must accept factual allegations in the complaint as true, but the Court is not required to "accept as true a legal conclusion couched as a factual allegation." *Id.*

This Court must liberally construe a layperson's complaint. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, this Court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). But even laypersons must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); see *also Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004) (holding that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, this Court is not required to interpret procedural rules in ordinary civil litigation so as to excuse the mistakes of those who proceed without counsel. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

4

### III. Discussion

#### A. Section 1983 claim

Schmaltz asserts a claim under 42 U.S.C. § 1983, which Congress enacted to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution and laws of the United States, and (2) that such violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, Schmaltz identifies Harris, Jordan, and Ross as police officers employed by the St. Louis Metropolitan Police Department, and Schmaltz asserts his section-1983 claims against them in their official capacities. Doc. 1 at 2–3. Because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), Schmaltz seeks to impose liability on the City of St. Louis. To establish the City of St. Louis's liability under § 1983, Schmaltz must show that Defendants committed a constitutional violation pursuant to an official custom or policy of the City. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Schmaltz's Complaint contains no facts permitting the inference that Defendants committed a constitutional violation. In his Statement of Claim, Schmaltz does not mention any Defendant by name. Doc. 1 at 4–5. Nor does he allege facts permitting the inference that any Defendant violated his federally protected rights. *Id.* Elsewhere in the complaint, Schmaltz alleges that Harris accused him of causing the accident, spoke in a loud and threatening voice, intimidated him, threatened to arrest him, and interfered with paramedics. *Id.* at 4. But those allegations do not describe conduct that violates the Constitution or laws of the United States.

5

Schmaltz appears to claim that Defendants are liable to him because the incident report was factually inaccurate. *See, e.g.*, doc. 1 at 4 (arguing that Delphina Poll, a purported witness, was "lying"). But factual errors in a police report, without more, do not constitute deprivation of a Constitutional right. *See Shock v. Tester*, 405 F.2d 852, 855 (8th Cir. 1969) (agreeing that a "factually correct" police report "has not yet achieved the status of the federally constituted constitutional right"). Schmaltz speculates that the report somehow led to a deprivation of medical care. *See* doc. 1 at 5 (arguing that Schmaltz was "denied proper medical attention" because of the police report). But he alleges no facts that would support that conclusion, and even if he had alleged such facts, that wouldn't be enough to conclude that the City violated his constitutional rights

Even if Schmaltz had alleged a constitutional deprivation, his official-capacity claims would fail. Schmaltz alleges no facts permitting the inference that a constitutional deprivation occurred pursuant to an official custom, policy, or practice of the City of St. Louis. Instead, he vaguely asserts that he experienced a pattern of unspecified abuse and neglect by unidentified police officers and had a history of unspecified problems with other unidentified City officials. *See* doc. 1 at 5. Those assertions amount to, at best, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that this Court is not required to presume true. *Iqbal*, 556 U.S. at 678. And this Court will not presume facts that Schmaltz has not alleged. *See Stone*, 364 F.3d at 915. To the extent that Schmaltz seeks to impose liability on the St. Louis Metropolitan Police Department, such claims fail because municipal departments are not juridical entities amenable to suit under section 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992).

In sum, Schmaltz's official-capacity § 1983 claims fail because Schmaltz fails to allege facts showing that any Defendant committed a constitutional violation pursuant to an official custom or policy of the City of St. Louis.

### B.     18 U.S.C. § 242 claim

Schmaltz also attempts to bring claims against the Defendants under 18 U.S.C. § 242. However, that statute authorizes the United States to prosecute certain civil rights deprivations. *See* 18 U.S.C. § 242.  It does not authorize Schmaltz to bring a private action.

### C.     State-law claims

All that remains are Schmaltz's state-law claims.  *See* doc. 1 at 3 (alleging that Defendants violated various Missouri statutes).  Because the Court has now dismissed all federal claims, the Court declines to exercise supplemental jurisdiction over the state-law claims that remain.  *See* 28 U.S.C. § 1367(c)(3).

## IV.     Conclusion

The Court grants Schmaltz's motion for leave to proceed in forma pauperis, doc. 2, and dismisses the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2) because it fails to state a claim upon which relief may be granted. The Court declines to exercise supplemental jurisdiction over Schmaltz's state-law claims. The Court certifies that an appeal of this dismissal would not be taken in good faith. A separate order of dismissal accompanies this memorandum and order.

So ordered this 18th day of November 2024.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE